KLAUDER–WELDON DYEING MACH. CO. v. GILES et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 81.

PATENTS ⬧328—VALIDITY AND INFRINGEMENT—DYEING MACHINE.

The Weldon patent, No. 659,906, for a yarn dyeing machine, is not a pioneer, and in view of the prior art is entitled only to a restricted construction and a narrow range of equivalents. As so construed, *held* not infringed.

Appeal from the District Court of the United States for the Northern District of New York.

Suit in equity by the Klauder-Weldon Dyeing Machine Company against John H. Giles and the John H. Giles Dyeing Machine Company. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 231 Fed. 746.

On appeal from a decree dismissing the bill of complaint based on letters patent No. 659,906 granted to Leonard Weldon, October 16, 1900, for improvements in yarn dyeing machines. The first claim only is in issue. The patent has been considered by this court on an appeal from an order granting a preliminary injunction which was reversed. 228 Fed. 512, 143 C. C. A. 94. The opinion of the District Court granting the injunction will be found reported in 224 Fed. 515.

Frederic P. Warfield and Holland S. Duell, both of New York City, for appellant.

A. D. Salinger, of New York City, for appellees.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

COXE, Circuit Judge. This is a suit upon the Weldon patent No. 659,906. The first claim is as follows:

"1. In a rotary dyeing-machine, the combination with the dye-tub, of a pair of wheels mounted on a shaft to turn in bearings on the dye-tub, an outer and inner circular series of sticks to hold the skeins, the inner series of sticks having bearings for their ends in revoluble adjustable parts, a lever connected with each of the parts to revolve the same, a bolt on the lever, and a rack to engage the bolt secured upon each of the wheels, as set forth."

Judge Ray in his opinions has stated the situation, as we understand it, clearly and concisely as follows:

"Here Weldon was not a pioneer in this art and therefore the complainant is entitled, in view of the prior art as it was when the patent was issued, which was not meager, to a somewhat narrow range of equivalents. I think

---

the language of the complainant's patent in suit in view of that prior art and its disclosures, and in the light of which we must construe it, forbids the adoption of the contention made by Mr. Hammer which would be quite convincing in case of a pioneer patent."

We are not considering a generic invention but one limited in scope and dealing with well known and not intricate problems. It is unnecessary to restate or elaborate the contentions considered and decided by the District Court and this court in previous hearings; it is enough to say that no broad construction can be given the claim in view of the prior art. We agree with the District Judge in thinking that the defendant does not infringe the claim as it must be construed.

The decree is affirmed with costs.

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes